**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BLACKHAWK COAL SALES, LLC,

                        Plaintiff,

v.                                                                    CIVIL ACTION NO.   2:25-cv-00492

XCOAL ENERGY & RESOURCES, et al.,

                        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Partial Motion to Dismiss filed by Defendants XCoal Energy & Resources ("XCoal"), XCoal Energy & Resources, LLC ("XCoal LLC"), and Ernie Thrasher ("Thrasher") (collectively, "Defendants").  (ECF No. 10.)   For the reasons discussed herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

This matter arises out of a contract dispute.  (*See* ECF No. 1.)   According to the Complaint, Defendant XCoal contracted to buy coal from Plaintiff Blackhawk Coal Sales, LLC ("Plaintiff").  (*Id.* at 2, ¶ 3.)   However, Defendant XCoal allegedly did not pay for the coal that Plaintiff delivered.  (*Id.*, ¶ 4.)

Consequently, Plaintiff initiated this lawsuit against Defendant XCoal.   (*See generally id.*)  Defendant XCoal LLC, which is purportedly the "general partner of XCoal and generally liable for its debts and obligations," (*id.* at 2–3, ¶ 9), was also named as a defendant.   Defendant

1

Thrasher, who is the "founder, president, [principal owner,] and Chief Executive Officer" of Defendant XCoal and the "organizer and managing member of XCoal LLC," (*id.* at 3, ¶ 10), was also named as a defendant.   According to the Complaint, Defendant "Thrasher approved, directed, and/or caused [Defendant] XCoal to enter into . . . the [c]ontracts," even though he "knew or had reason to know that [Defendant] XCoal would never meet its payment obligations."   (*Id.* at 4, ¶ 14; *id.* at 13, ¶ 76 (claiming that Defendant Thrasher did so to "serv[e] his interests").)

The Complaint asserts four claims.   Count I is a claim for breach of contract asserted against Defendant XCoal.   (*Id.* at 10–11.)   Count II asserts a claim for Breach of the Implied Covenant of Good Faith and Fair Dealing against Defendant XCoal.   (*Id.* at 11–12.)   Count III asserts a claim for Unjust Enrichment against Defendant XCoal.   (*Id.* at 12–13.)   Count IV, titled "Alter Ego Liability," attempts to pierce the corporate veil to hold Defendants Thrasher and XCoal LLC liable for Counts I, II, and III.   (*Id.* at 13–14; *see also* ECF No. 12 at 6.)   Count IV is premised on the allegation that Defendant Thrasher "controlled, dominated, managed, and operated" Defendants XCoal and XCoal LLC "as alter egos" to the point that Defendants' "separateness ceased to exist."   (ECF No. 1 at 13, ¶ 77 (also claiming that Defendant XCoal is "insolvent" and "inadequately capitalized," cannot pay its debts, and "lacks the capital to continue operating").)

Defendants filed the pending partial motion to dismiss on October 10, 2026.   (ECF No. 10.)   Plaintiff filed a response, (ECF No. 12), and Defendants filed a reply, (ECF No. 13).   As such, this matter is fully briefed and ripe for adjudication.

## II.     *LEGAL STANDARD*

A motion to dismiss for failure to state a claim upon which relief may be granted tests the

2

legal sufficiency of a civil complaint.   Fed. R. Civ. P. 12(b)(6).   A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007).   A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.   In applying this standard, a court must utilize a two-pronged approach.   First, it must separate the legal conclusions in the complaint from the factual allegations.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged."   *Id.*   Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).   A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible."   *Twombly*, 550 U.S. at 555, 570.

### III.    DISCUSSION

In the pending motion, Defendants seek dismissal of Counts II, III, and IV of the Complaint.   (ECF No. 10, 11.)   Each cause of action is discussed in turn below.

#### A.  Counts II and III

As discussed above, Count II asserts a claim for Breach of the Implied Covenant of Good Faith and Fair Dealing, and Count III asserts a claim for Unjust Enrichment.   In the pending

motion, Defendants argue that both of these claims must be dismissed because they are duplicative of Plaintiff's breach of contract claim and cannot be maintained as a separate cause of action. (ECF No. 11 at 5–7.)   Conversely, Plaintiff contends that it is permitted to assert these claims in the alternative at this point in litigation.   (ECF No. 12 at 3–5.)   The Court agrees with Plaintiff.

Although the parties go to great lengths discussing New York state law,[1] this issue is governed by the Federal Rules of Civil Procedure.   *See Berk v. Choy*, 607 U.S. ----, 146 S. Ct. 546, 552, 223 L. Ed. 2d 463 (2026) (explaining that "a valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive under *Erie*'s test" (citing *Hanna v. Plumer*, 380 U.S. 460, 469–474 (1965))).   "Analyzing whether a Federal Rule displaces state law is straightforward."   *Id.*   The Court simply asks whether the Federal Rule "answers the question in dispute."   *Id.* (internal citations omitted).   If so, the Federal Rule "governs, unless it exceeds statutory authorization or Congress's rulemaking power."   *Id.* at 552–53 (internal quotations and citations omitted).

In this case, the question is whether Plaintiff's claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment must be dismissed as duplicative of the breach of contract claim.   Rule 8 gives the answer.   It provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."   Fed. R. Civ. P. 8(d)(2); *see also* Fed. R. Civ. P. 8(d)(3) (explaining that "[a] party may state as many separate claims or defenses as it has, regardless of consistency").   By permitting alternative and even inconsistent claims to be pleaded, Rule 8 establishes "implicitly,

---

[1] The parties agree that New York substantive law governs the contract and quasi contract claims pursuant to the choice of law provision in the Contracts.   (*See* ECF Nos. 11 at 3–4; 12 at 3.)

4

but with unmistakable clarity," *Hanna*, 380 U.S. at 470, that a party may allege both contract and quasi-contract causes of action.   Therefore, while Plaintiff may not recover under both breach of contract and quasi-contract theories, *see, e.g.*, *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190 (N.Y. 1987) (explaining that "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes *recovery* in quasi contract for events arising out of the same subject matter" (internal citations omitted; emphasis added)), it is entitled to plead them in the alternative at this point of the litigation.

Accordingly, Defendants' Partial Motion to Dismiss is **DENIED** as to Counts II and III.

## B.  Count IV: Alter Ego Liability

Defendants argues that Plaintiff has failed to allege sufficient facts to establish alter ego liability.[2]   (ECF No. 11 at 8–11.)   Plaintiff disagrees.   (ECF No. 12 at 7–9.)   As discussed below, the Court agrees with Defendants.

Under Pennsylvania law,[3] "pierc[ing] the corporate veil through the 'alter ego' theory, [] is applicable where the individual or corporate owner controls the corporation to be pierced and the controlling owner is to be held liable." *Lieberman v. Corporacion Experienca Unica, S.A.*, 226 F. Supp. 3d 451, 467–68 (E.D. Pa. 2016) (internal quotations and citations omitted).   "[T]here is a strong presumption in Pennsylvania against piercing the corporate veil." *Sereda v. Ctr. City*

---

[2]  Defendants argue that Count IV must be dismissed because "alter ego liability" is not a standalone cause of action. (ECF No. 11 at 7–8.)   Conversely, Plaintiff contends that it "has not pled alter ego liability to impose standalone liability or damages. Rather, Plaintiff pled alter ego liability to pierce the corporate veil and hold XCoal LLC and Thrasher liable for the underlying contractual and equitable claims against XCoal."   (ECF No. 12 at 6.)   However, the Court need not resolve this issue because Plaintiff has failed to plausibly allege alter ego theory, as discussed more fully below.

[3]  The parties agree that Pennsylvania law governs the alter ego liability analysis because Defendant XCoal—the entity whose corporate veil Plaintiff wishes to pierce—is incorporated in Pennsylvania.   (*See* ECF Nos. 12 at 5–6; 14 at 4, n.2.)

5

*Acquisitions, LLC*, 222 A.3d 1161, 1168 (Pa. Super. 2019) (internal citations omitted).   There is also a "general rule [] that a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person."   *Id.* (same).

Nevertheless, "[a] court may pierce the corporate veil when equity requires it to prevent fraud, illegality or injustice."   *Id.* (same).   For example, "[i]t is appropriate to pierce the corporate veil through [alter ego] theory [] where 'a corporation's affairs and personnel were manipulated to such an extent that it became nothing more than a sham used to disguise the alter ego's use of its assets for his own benefit in fraud of its creditors.'"   *Lieberman*, 226 F. Supp. 3d at 468 (quoting *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1521 (3d Cir. 1994)).   "In short, the evidence must show that the corporation's owners abused the legal separation of a corporation from its owners and used the corporation for illegitimate purposes."   *Id.* (same).   To determine whether to pierce the corporate veil, courts consider, *inter alia*, the following seven factors: (1) whether the company is undercapitalized; (2) whether there has been a failure to observe corporate formalities; (3) whether the company is not paying dividends; (4) whether the dominant shareholder has siphoned funds from the company; (5) whether other officers or directors are not functioning; (6) whether there is an absence of corporate records; and (7) whether "the corporation is merely a facade for the operations of the dominant stockholder or stockholders."   *Id.* (same); *Trustees of Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 192 (3d Cir. 2003) (providing same seven factors); *see also Culbreth v. Amosa (Pty) Ltd.*, 898 F.2d 13, 15 (3d Cir. 1990) (explaining that the alter ego theory requires "a threshold showing that the controlled corporation acted robot- or puppet-like in mechanical response to the controller's tugs on its strings or pressure on its buttons").

6

Here, the Complaint does not allege facts that support a plausible alter ego theory of liability. The Complaint alleges that Defendant Thrasher "controlled, dominated, managed, and operated" Defendants XCoal and XCoal LLC "as alter egos." (ECF No. 1 at 13, ¶ 77 (also alleging that Defendants' "separateness ceased to exist").) However, the phrase "as alter egos" is a legal conclusion that must be disregarded. *See Iqbal*, 556 U.S. at 678. Further, as the "founder, president, [principal owner,] and Chief Executive Officer" of Defendant XCoal and the "organizer and managing member of XCoal LLC," (*id.* at 3, ¶ 10), it is to be expected that Defendant Thrasher controls Defendants XCoal and XCoal LLC. (*See* ECF No. 11 at 10 (questioning how "Xcoal LLC and Thrasher may be exerting 'control' over Xcoal LP beyond the management that is typically expected and required from a company's CEO and general partner").) While Plaintiff has undoubtedly alleged that there is a "unity of ownership" between the Defendants, (ECF No. 1 at 13, ¶ 77), that does not matter under the "general rule," *see Sereda*, 222 A.3d at 1168 (explaining that "a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person").

Plaintiff also notes its allegation that "Thrasher committed XCoal to contractual obligations knowing that XCoal would not meet its payment obligations then caused XCoal to default on those contractual commitments to serve Thrasher's own personal interests." (ECF No. 12 at 9 (citing ECF No. 1 at 4, 13, ¶¶ 14, 76).) Perhaps this tends to show that "the corporation is merely a facade for the operations of the dominant stockholder or stockholders." *Lieberman*, 226 F. Supp. 3d at 468 (internal citations omitted). However, there are no factual allegations to support the conclusion that Defendant Thrasher did so to serve his "own personal interests." (*See generally* ECF No. 1.) Thus, Plaintiff has failed to plead facts that "any control by Thrasher is above and

7

beyond that typically exercised and required by a chief executive officer of a company – or that Xcoal LLC's involvement here reaches beyond that of Xcoal LP's general partner." (ECF No. 11 at 10.)

Thus, only one factor that may be satisfied is Plaintiff's allegation that Defendant XCoal is undercapitalized, although that is, at best, a bare minimum, as no detail is plead. (*See* ECF No. 1 at 13, ¶ 77.) However, one factor out of seven, *see Lieberman*, 226 F. Supp. 3d at 468, does not state a plausible alter ego theory. There are no allegations that indicate that Defendants failed to observe corporate formalities; that Defendant XCoal was not paying dividends; that Defendant Thrasher siphoned funds from Defendant XCoal; that other officers or directors were not functioning; that there is an absence of corporate records; or even that Defendant XCoal is "merely a facade for the operations of" Defendants Thrasher or XCoal LLC. *See id.*

Although Plaintiff has alleged that all Defendants are connected, it has not plausibly alleged that Defendant XCoal is a "sham used to disguise" the misdeeds of Defendant Thrasher and/or Defendant XCoal LLC. *See id.* Under Plaintiff's theory, a plaintiff could pierce the corporate veil of any corporation with a single owner who happens to make a poor business decision. That would completely undermine the purpose of corporate liability shielding.

Accordingly, Defendants' Partial Motion to Dismiss is **GRANTED** as to Count IV, which is **DISMISSED**.

### IV.    CONCLUSION

For these reasons, Defendants' Partial Motion to Dismiss, (ECF No. 10), is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Count IV, which is hereby **DISMISSED** for failure to state a claim. The motion is **DENIED** as to Counts II and III.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      April 27, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE